UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~

DOUGLAS E. KAMPFER,

                           Plaintiff,

        vs                                            6:08-CV-708

WENDY REU, Clerk for the Village of Northville,
(Individual Capacity); and RONALD KELLY, Owner
of Lakeview Orchards;

                           Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:                                  OF COUNSEL:

DOUGLAS E. KAMPFER
Plaintiff, Pro Se
142 Kunkel Point Road
P.O. Box 747
Mayfield, New York  12117

MURPHY, BURNS, BARBER & MURPHY, LLP    THOMAS K. MURPHY, ESQ.
Attorneys for Defendant Wendy Reu
226 Great Oaks Boulevard
Albany, New York 12203

ZIMMER LAW OFFICE, PLLC                    KIMBERLY M. ZIMMER, ESQ.
Attorneys for Defendant Ronald Kelly
Monroe Building, Suite 301
333 East Onondaga Street
Syracuse, New York 13202

HISCOCK & BARCLAY                              DAVID G. BURCH, JR., ESQ.
Attorneys for Defendant Ronald Kelly
One Park Place
300 South State Street
Syracuse, New York 13202-2078

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

**I. INTRODUCTION**

Plaintiff Douglas E. Kampfer ("Kampfer" or "plaintiff") brought an action against defendants Ronald Kelly ("Kelly") and Wendy Reu ("Reu") (collectively, "defendants"), seeking a declaratory judgment and compensatory and punitive damages for deprivation of his right to procedural due process. Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing the amended complaint and the action. The motion was taken on submission without oral argument.

**II. FACTS**

The following facts are undisputed. In 2007, Reu, as the Village Clerk for the Village of Northville, New York ("Village"), invited plaintiff to participate in the Farmers' Market after receiving a telephone request from Mrs. Barbara Kampfer, plaintiff's wife. Reu extended the Kamphers an invitation to participate in the Farmers' Market, along with a Mission Statement for the Village's Farmers' Market, which stated: "[p]articipation in the Market is at the discretion of the Village." Reu Aff., Dkt. No. 105-8. The Mission Statement also contained rules governing the Farmers' Market and stated: "The Village reserves the right to conduct site visits to ensure that the sellers adhere to the rules of the market." Reu Aff., Dkt. No. 105-8.

On October 5, 2007, Reu approached plaintiff after receiving a complaint about plaintiff's conduct in connection with a matter occurring on September 14, 2007, in the parking lot of Timeless Tavern, owned by Tom and Lisa Wood. There, three cardboard boxes fell from a pick-up truck and plaintiff, who was in the parking lot at the same time, put the boxes in Wood's dumpster. Lisa Wood noticed plaintiff and demanded

he remove the boxes from her property.  Plaintiff then sent a letter to Tom and Lisa Wood requesting $25.00 to pay for his removal of the boxes.  Reu described the letter as belligerent and unrepresentative of the Village or the Farmers' Market.

On October 5, 2007, Reu asked plaintiff to explain the letter and, exercising the Village's discretion, then asked plaintiff to leave the Market.  The only reason Reu provided to plaintiff as a basis for asking him to leave the Farmers' Market was the issue involving Lisa Wood.

Kelly, whose sole participation in the Farmers' Market was as a vendor, had informed Reu that plaintiff had brought certain items to the Farmers' Market that were not from plaintiff's farm, which was contrary to the market rules.  Kelly did not have any official role, job, or affiliation with the Village or the Farmers' Market.  Plaintiff does not claim Kelly had anything to do with his being asked to leave the Farmers' Market.

Plaintiff does state that Kelly testified at an Article 78 proceeding to "cover up" the Village's "screw up."  Burch Decl. Ex. B at 84, Dkt. No. 104-1.  According to plaintiff, defendant Kelly agreed to testify as part of a "conspir[acy] with Ms. Reu to protect Ms. Reu from her wrongdoing of kicking [plaintiff] out for things that didn't even involve the market."  Burch Decl. Ex. B at 88, Dkt. No. 104-1.  Plaintiff alleges this conversation took place after plaintiff was removed from the Farmers' Market.

### III. STANDARDS

#### A. Summary Judgment Standard

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a

matter of law.  Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); Richardson v. New York State Dep't of Correctional Servs., 180 F.3d 426, 436 (2d Cir. 1999); Lang v. Retirement Living Pub. Co., 949 F.2d 576, 580 (2d Cir. 1991).  The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986); Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990).  Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); Richardson, 180 F.3d at 436; Project Release v. Prevost, 722 F.2d 960, 968 (2d Cir. 1983).

When the moving party has met the burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S. Ct. at 1356.  At that point, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56; Liberty Lobby, Inc., 477 U.S. at 250, 106 S. Ct. at 2511; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.  To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant.  Liberty Lobby, Inc., 477 U.S. at 248-49, 106 S. Ct. at 2510; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.

### B. § 1983 – Due Process Standard

Plaintiff alleges he was denied due process by not receiving a farm inspection prior to his removal from the Village's Farmers' Market.  The relief sought by the plaintiff is pursuant to 42 U.S.C. § 1983, which allows for suits to be brought against

persons who deprive a party of the rights, privileges or immunities granted through the Constitution.  The due process clause of the Fourteenth Amendment warrants that "No State shall ... deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV § 1.

To prevail on a claim for relief in an action brought under § 1983, a plaintiff must establish that a (1) deprivation of a right was committed under color of state law, and (2) that the alleged deprived right was secured by the Constitution or laws of the United States.  Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful."  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985 (1999).

A private actor may be acting under color of law when found conspiring or in joint participation with a public official.  To sustain a finding of joint participation or conspiracy between a public official and a private actor, there must be evidence that the private individual and public officials acted with a common understanding, or "meeting of the minds," to deprive plaintiff of constitutionally protected rights.  Tornheim v. Eason, 175 F. App'x 427, 429 (2d Cir. 2006) (summary order).  Absent a "meeting of the minds" between the public official and the private actor, the private actor is not acting under the color of law and, therefore, not subject to liability under § 1983.  Id.

Finally, to state a cognizable claim pursuant to 42 U.S.C. § 1983, plaintiff must demonstrate "the existence of a federally protectable property right and the denial of such right in the absence of either procedural or substantive due process."  Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999).  Thus, paramount in determining

this matter is whether plaintiff had a legitimate property interest which would warrant Constitutional protection.

Accordingly, "to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it." <u>Board of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972). Further, "if state law makes the pertinent official action discretionary, one's interest in a favorable decision does not rise to the level of a property right entitled to due process protection." <u>R.R. Village Ass'n v. Denver Sewer Corp.</u>, 826 F.2d 1197, 1201-1202 (2d Cir. 1987).

## IV. <u>ANALYSIS</u>

### A. <u>Defendant Kelly</u>

Plaintiff alleges Kelly deprived him of his right to due process in not receiving a farm inspection prior to his removal from the Village's Farmer's Market.  The undisputed facts show that Kelly, a private business owner, was merely a fellow vendor at the Farmers' Market and, as plaintiff conceded, played no role in plaintiff's removal from the Farmers' Market – Kelly's conduct was merely private.  Therefore, because Kelly was not acting under color of state law, which is a necessary element under § 1983, plaintiff's claim against Kelly must fail.

Plaintiff also alleges Kelly conspired with Reu to deprive plaintiff of certain civil rights.  Plaintiff does not claim Kelly played a role in his removal from the Farmers' Market.  Plaintiff contends that the conspiracy arose during Kelly's Article 78 testimony when, according to plaintiff, Kelly agreed to conspire with Reu to protect Reu from liability

in connection with plaintiff's removal from the Farmer's Market. Even if plaintiff's allegations are true, the alleged conspiracy occurred after the incident at the Farmers' Market and, therefore shows no "meeting of the minds" between the public official and private actor before the incident, which is necessary for a successful claim of conspiracy. Kelly's motion for summary judgment will be granted.

### B. Defendant Reu

At issue is whether plaintiff was deprived his right to due process when Reu asked plaintiff to leave the Farmers' Market without the benefit of a farm inspection. As previously discussed, "if state law makes the pertinent official action discretionary, one's interest in a favorable decision does not rise to the level of a property right entitled to due process protection." R.R. Village Ass'n v. Denver Sewer Corp., 826 F.2d 1197, 1201-1202 (2d Cir. 1987).

The Farmers' Market Mission Statement states that participation is at the discretion of the Village. Moreover, the Mission Statement establishes that the Village reserves the right to conduct site visits to ensure that the sellers adhere to the rules of the market. The Mission Statement allows for site visits prior to removal, but in no way guarantees such a visit. No person has a property interest in participating in the Farmers' Market because the Village has unfettered discretion to remove. Thus, plaintiff did not have a Constitutionally protected property interest and, therefore, had no right to due process. Reu's motion for summary judgment will be granted,

### C. Qualified Immunity

Because of the foregoing resolutions on the merits, the issue of qualified immunity need not be discussed.

## IV. CONCLUSION

Kelly, a private actor, was not acting under color of law and, therefore, plaintiff's claim must fail. Additionally, the Village clearly established that participation in the Farmers' Market is at the discretion of the Village and, by law, an individual does not have a protected property interest where the pertinent official action is discretionary. Plaintiff does not have a Constitutionally protected property interest and, therefore, is not entitled to procedural due process. There are no genuine issues as to any material fact, and the moving parties are entitled to summary judgment as a matter of law.

## O R D E R

Accordingly, it is ORDERED that:

1. Defendants' motions for summary judgment are GRANTED; and

2. The complaint is DISMISSED in its entirety.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated: February 15, 2011
       Utica, New York.